UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER O'BRYAN CRITTENDEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 7:21-cv-1223-GMB |
| LIEUTENANT ALEX MILES, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Alexander O'Bryan Crittenden filed a *pro se* complaint alleging that Defendants Lieutenant Alex Miles and Captain G.W. Keller violated his rights under the Constitution or laws of the United States and Alabama. Docs. 1, 4 & 6. After Crittenden filed his second amended complaint (Doc. 6), the defendants filed a motion to dismiss. Doc. 21. The motion is fully briefed (Docs. 21, 25 & 26) and ripe for decision. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 27. For the following reasons, the motion is due to be granted.

### I. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*,

516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice, *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

Crittenden had been riding as a passenger in a car when Lieutenant Miles and Captain Keller conducted a traffic stop on the car. Doc. 1 at 5; Doc. 6 at 1.  Crittenden has not alleged the reason for the stop.  During the encounter, Crittenden told Keller that he "did not have to identify [himself] to [Keller] as a passenger without [Keller] having probable cause." Doc. 6 at 1.  Keller "became furious" and used a canine to search the exterior of the vehicle. Doc. 6 at 1.  The canine alerted near the rear driver-side window. Doc. 6 at 1.  Following the alert, Miles searched the vehicle. Doc. 6 at 1; *see also* Doc. 1 at 5.  Miles seized Crittenden's "legal weapon" during the search. Doc. 4 at 5.

Crittenden was arrested on July 9, 2021[2] on charges of "misdemeanor marijuana 2nd, para[phrenalia, and] pistol no permit." Doc. 1 at 5.  Sometime after his arrest, Crittenden asked the District Attorney ("DA") to return his gun. Doc. 1 at 5.  The DA told Crittenden that his gun had been "'seized' as evidence on misdemeanor charges." Doc. 1 at 4.  Similarly, Keller told him that his gun "would be released when the case [was] resolved." Doc. 1 at 5.  Although Crittenden did not allege the status of his criminal case, a review of state-court records shows that

---

[1] The court twice instructed Crittenden to include all of his claims in his amended complaint. Docs. 3 at 6 & 5 at 5.  Crittenden did not follow the court's instructions. *See* Docs. 1, 4 & 6.  The court relies on all three pleadings in its recitation of the facts because this is the only way to piece together the factual basis for Crittenden's claims.
[2] Crittenden does not state whether this arrest occurred on the same day as the traffic stop or afterwards.

Crittenden initially pled not guilty, but later the court entered a judgment of "'guilty' by stipulation" to possession of marijuana in the second degree, possession of drug paraphernalia, and carrying a pistol without a permit.[3] *St. of Ala. v. Crittenden*, DC-2021-1115, DC-2021-1116, DC-2021-1117, available at www.alacourt.com. Crittenden appealed the convictions, and the appeals remain pending. *St. of Ala. v. Crittenden*, CC 2021-2106, CC 2021-2107, CC 2021-2108.

Crittenden filed his initial *pro se* complaint in this court on September 9, 2021. Doc. 1. The court found Crittenden's initial complaint to be deficient, explained the deficiencies, and ordered him to amend his complaint consistent with a set of detailed instructions. Doc. 1 at 7. Crittenden filed a first amended complaint (Doc. 4), which also was deficient, and the court again explained the deficiencies and ordered him to amend. Doc. 5 at 5. Crittenden then filed his second amended complaint. Doc. 6. The pending motion to dismiss (Doc. 21) followed.

---

[3] Generally, at the motion to dismiss stage, a court considers only the factual allegations in the complaint itself. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that a court's review is "limited to the four corners of the complaint"). However, a court may take judicial notice of certain documents in ruling on a motion to dismiss without converting it to a motion for summary judgment. *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013). That judicial notice includes "notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted). Consistent with the Eleventh Circuit's guidance on best practices when judicially noticing facts under these circumstances, the court is attaching a copy of the pertinent documents as an exhibit to this memorandum opinion. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652–53 (11th Cir. 2020).

### III.  DISCUSSION

In his second amended complaint, Crittenden claims that he has "been denied rightful and lawful access to [his] property . . . . without due process." Doc. 6 at 2. The court therefore construes Crittenden's complaint as an attempt to state a procedural due process claim under the Fourteenth Amendment for an unauthorized, intentional taking of his property. *See, e.g.*, *Scurry v. Atkins*, 2017 WL 1425597, at *2 (N.D. Ala. Feb. 27, 2017) (construing plaintiff's claim that the defendant "wrongly withheld [his] vehicle claiming it was involved in an investigation related to my arrest" as a claim for an unauthorized, intentional taking of property).

The constitutional guarantee that private property may not be taken for public use without just compensation applies to the states through the Fourteenth Amendment. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001).  The Fourteenth Amendment does not prohibit all government takings, only those "without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  To succeed on this claim, Crittenden must establish that his property was "taken" and "that there is no provision to award him just compensation." *Eide v. Sarasota County*, 908 F.2d 716, 720 (11th Cir. 1990); *Agripost, Inc. v. Miami-Dade County ex rel Manager*, 195 F.3d 1225, 1231 (11th Cir. 1999) (holding a plaintiff "must allege either that the state law provides him no process for obtaining just compensation. . . or that the state law

5

appears to provide such process, but due to state court interpretation, the process is inadequate").

On the other hand, if a state procedure satisfying the requirements of due process exists, a plaintiff may not use § 1983 to vindicate a federal due process claim. *See Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1239 (11th Cir. 2003) (citing *Horton v. Bd. of County Comm'rs of Flagler Co.*, 202 F.3d 1297 (11th Cir. 2000)); *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011)). Put another way, "procedural due process violations do not become complete unless and until the state refuses to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994) (quoting *Zinermon v. Burch*, 494 U.S. 113, 123 (1990)). "The deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when an adequate post-deprivation remedy is available." *Scurry*, 2017 1425597, at * 3 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). The Supreme Court has held that state tort litigation procedures may provide adequate post-deprivation remedies. *Hudson*, 468 U.S. at 535–36. For example, a statute creating a civil cause of action for the wrongful conversion of personal property provides "'an adequate [post-deprivation] remedy when a plaintiff claims that the state has retained his property without due process of law.'" *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (quoting *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987)).

Here, Crittenden cannot establish that he was deprived of property without due process because he had an adequate post-deprivation remedy. Alabama law provides that remedy in the form of its conversion statute, Alabama Code § 6-5-260, which provides that the owner of personal property "is entitled to possession thereof. Any unlawful deprivation of or interference with such possession is a tort for which an action lies." *See Scurry*, 2017 WL 1425597 at *3 (finding § 6-5-260 to be an adequate post-deprivation remedy); *Dawson v. City of Montgomery*, 2008 WL 659800, at *8 (M.D. Ala. Mar. 6, 2008) (same). Crittenden does not allege that he took advantage of the Alabama conversion statute or any other state-law remedy.[4] Nor does he allege that the state-law remedies are inadequate.

Because Crittenden has not established that he availed himself of Alabama's post-deprivation remedy, he cannot show that he was deprived of his property without due process of law. *Scurry*, 2017 WL 1425597 at *3. Accordingly, Crittenden has not stated a claim for deprivation of property without due process of law.[5]

---

[4] At best, Crittenden states that the DA and Keller denied his informal requests for his weapon to be returned. Doc. 1 at 5.

[5] To the extent Crittenden attempts to assert a § 1983 claim for unlawful search and seizure instead of an unlawful taking, his complaint remains deficient. Crittenden's allegations on this issue are nothing more than legal conclusions and conclusory statements. *Iqbal*, 556 U.S. at 679. The court explained the deficiencies in his first two complaints and gave Crittenden two opportunities to cure those deficiencies. However, even construing the three complaints together, the facts do not state a cause of action for unlawful search and seizure in as much as Crittenden has provided no detail

## IV. CONCLUSION

For these reasons, the Motion to Dismiss (Doc. 21) is due to be GRANTED. A final judgment will be entered separately.

DONE and ORDERED on July 7, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

about the stop of the vehicle. He also has not described the traffic stop in such a way as to demonstrate the unconstitutionality of the search or the seizure of his gun, or any unlawful conduct on the part of Miles or Keller. Instead, he merely concluded that "Miles unlawfully conducted a search and seizure" and described the dog's actions around the exterior of the vehicle. Doc. 6 at 1. This unsupported conclusion cannot state a claim without specific factual allegations establishing the illegality of the search or seizure.